UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 20-61411-CIV-MORENO

ROBERT LEE DARBY II,

        Plaintiff,

vs.

SPRINT CORPORATION
TELECOMMUNICATION and ASHLEY
CHERIDOR, Sales,

        Defendants.
_____/

## ORDER DISMISSING CASE FOR BEING FRIVOLOUS

THIS CAUSE came before the Court upon *pro se* Plaintiff's complaint made under 42 U.S.C. § 1983 (**D.E. 1**), filed on **July 10, 2020.** THE COURT has considered the complaint, the pertinent portions of the record, and being otherwise fully advised in the premises, it is **ADJUDGED** that the case is DISMISSED and all pending motions are DENIED as MOOT.

Plaintiff's *in forma pauperis* complaint brought under section 1983 complains of various civil rights violations allegedly committed by Defendants Sprint Corporation (a private company) and Ashley Cheridor (a private citizen). At the outset, the Court notes that because he is proceeding *pro se*, Plaintiff is given greater leeway in pleading his complaint. *See Haines v. Kerner*, 404 U.S. 519 (1972). Still, 28 U.S.C. § 1915(e)(2)(B)(i) provides that a court "shall dismiss [an *in forma pauperis* action] at any time if the court determines that . . . the action . . . is frivolous or malicious." According to the United States Supreme Court, a complaint is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss claims under section 1915(e)(2)(B)(i) where they rest on an indisputably

meritless legal theory or are comprised of factual contentions that are clearly baseless. *Id*. at 327.

Plaintiff's *in forma pauperis* complaint appears to assert a section 1983 claim stemming from fraud—apparently, he suffered a "bait and switch" at a Sprint retail store resulting in a "very high bill that was not recognizable and unusual." He also appears to assert various other civil rights violations that the Court has difficulty deciphering, including violation of "14 amendment to affect prior restrain [sic]" and violation of "my rights to affect prior restraint on my rights by violation to be free of bias deceptive misleading fraudulent acts of deception." "Section 1983 provides a private right of action whenever an individual has been deprived of any constitutional or statutory federal right under color of state law." *Schwier v. Cox*, 340 F.3d 1284, 1290 (11th Cir. 2003). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). A private party may be held liable as a state actor only if one of the following three conditions is met:

> (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) "the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[ ]" ("nexus/joint action test").

*Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting *NBC, Inc. v. Commc'ns Workers of Am.*, 860 F.2d 1022, 1026-27 (11th Cir. 1988)).

Here, the Court finds that even when taking Plaintiff's allegations as true—as the Court must at this stage—none of the alleged actions by the Defendants were undertaken under color of state law. In other words, the complaint does not allege any facts showing that the State of Florida coerced or encouraged the actions of Sprint or Ms. Cheridor, that Sprint or Ms. Cheridor performed a public function traditionally performed by the State, or that the State was a joint participant with Sprint and/or Ms. Cheridor in allegedly violating Plaintiff's rights. In sum, the Court dismisses

the present claims because they can only be brought against persons who are state government officials or employees. This includes people who work for the state, city, county, or other local government. Accordingly, because Plaintiff seeks to sue private entities, he fails to state a claim upon which relief can be granted, and his complaint is DISMISSED for being frivolous.

Based also on the foregoing, Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs is DENIED as MOOT, and the case is CLOSED.

DONE AND ORDERED in Chambers at Miami, Florida, this <u>16th</u> of July 2020.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Robert Lee Darby II
P.O. BOX 741652
Boynton Beach, FL 33474
PRO SE